## Miller v. Secretary of Commonwealth.

*Election laws—Parties entitled to nominate—Party within a county—Act of July 12, 1913.*

1. The Act of July 12, 1913, P. L. 719, divides political parties into two classes, those within the State and those within a county; the second class may function when one of their candidates "at either the general or municipal election preceding the primary polled at least 5 per cent. of the largest vote cast for any elected candidate." This alternative enables a party to test its qualification to make nominations by either one of two preceding elections. A party within a county may, therefore, nominate candidates, although it may have had no qualified candidates at the last general election.

2. A party within a county may nominate candidates for such offices as are to be voted for only by the electors of the county or of a political district therein, but has no power to make nomination for an office to be voted for by electors of the State at large.

3. A party within a county may nominate candidates for delegate to the Constitutional Convention.

Petition for mandamus. C. P. Dauphin Co., Commonwealth Docket, 1921, No. 29.

*E. Spencer Miller* (of Philadelphia), for petitioner; no appearance contra.

Fox, J., Aug. 23, 1921.—The prayer of the petitioner in this case is that a peremptory mandamus be issued to the Secretary of the Commonwealth, ordering him to accept the nomination certificate of the petitioner and deal with it according to law for action by voters of the Charter Party at the approaching primary election.

It is admitted that the petition is signed by the requisite number of qualified electors in proper form; that at the last municipal election in the County of Philadelphia in November, 1919, one of the candidates of the Charter Party polled at least 5 per centum of the largest entire vote cast for any elected candidate in Philadelphia County; that the Charter Party is a political party within the county, and that at the last general election in 1920 no candidate of this party polled at least 5 per centum of the largest entire vote cast for any elected candidate.

The Secretary of the Commonwealth has refused, and still refuses, to receive for filing this nomination petition for Delegate to the Constitutional Convention for two reasons, viz.: 1. That no candidate of the Charter Party
1 D. & C.

polled within the County of Philadelphia 5 per centum of the largest entire vote cast for any elected candidate at the last general election (November, 1920) last preceding the approaching primary election.    2. That a party within a county cannot place in nomination a candidate for Delegate to the Constitutional Convention.

The Act of July 12, 1913, P. L. 719, by section 2 (which has not been modified), divides political parties into two classes: 1. A party within the State. 2. A party within a county.

The first class may function "if one of whose candidates at the general election next preceding the primary polled in each of at least ten counties of the State not less than 2 per centum of the largest entire vote cast in each of said counties for any elected candidate, and polled a total vote in the State equal to at least 2 per centum of the largest entire vote cast in the State for any elected candidate."

The second class may function when "one of whose candidates at either the general or municipal election preceding the primary polled at least 5 per centum of the largest entire vote cast for any elected candidate in any county."

The petitioner seeks to be a candidate for the nomination by the Charter Party from the First Congressional District of Pennsylvania, which is in the County of Philadelphia, for the office of Delegate to the Constitutional Convention, and it is contended by the Secretary of the Commonwealth that the words "at either the general or municipal election preceding the primary," in paragraph 2 of section 2 of the act, should be interpreted to mean: The last election preceding the primary, whether general or municipal, and because no candidate of the Charter Party at the last election, which was the general election in November, 1920, polled the requisite percentage, it is not entitled to function as a party at the approaching primary.    The petitioner contends that the interpretation as given by the Secretary of the Commonwealth is incorrect, and that the proper interpretation is that if a party within a county polled the requisite percentage of the vote at either one of the two elections last held, one having been general and the other municipal, the party is entitled to make nominations.

The rule of construction requires us to give effect to every word, unless rejection is justified; "no word in it is to be treated as unmeaning, if a construction can be legitimately found which will preserve it and make it effect-. ual:" Endlich on the Interpretation of Statutes, 29.

By section 3 of the act, provision is made for the holding of one primary each year in each election district of the Commonwealth.    In the even-numbered years the primary shall be held in the spring, and in the odd-numbered years in the fall.    Candidates for offices to be filled at the municipal election shall be nominated in the fall primary; the candidates for other offices shall be nominated in the spring primary.    Municipal offices are to be voted for in the odd-numbered years.    A party within a county may make nominations for offices in such county and in all political districts within said county or of which said county forms a part, and it is quite likely to occur that such party may be primarily interested in municipal affairs and may have candidates at municipal elections only and none at a general election, although having a limited right to make nominations for the general election.    It was with this thought in mind, we think, that the words "at either the general or municipal election preceding the primary" were adopted by the legislature in connection with a party within a county, and so as to preserve its functioning powers over and beyond the even-numbered years, when no municipal offices are to be

filled, and, therefore, provided that the test could be made on the vote at the last preceding municipal election or on that of the last preceding general election. Had the legislature intended the test to be restricted to the last election, whether municipal or general, it would have said so in simple language; but it did not, but in simple language says that if any of the candidates polled the requisite 5 per centum of the largest entire vote cast for any elected candidate in any county at either the general or municipal election preceding the primary, it is declared to be a political party within said county. The test is the requisite per centum at either one or the other of the two elections mentioned.

To sustain the first objection we would be required to eliminate the word "either." We are not at liberty to do this when we find no justification for so doing, but, on the contrary, find justification for its retention.

We think the second objection of the Secretary of the Commonwealth is unsound. In the case of Campbell's Petition, 27 Dist. R. 1021, a petition was presented to the Secretary of the Commonwealth by electors known as the Town Meeting Party, in the County of Philadelphia, and the office to be filled was that of Representative in the General Assembly from the 16th Legislative District within that county. It was objected to on the ground that the party was not empowered to nominate a candidate for Representative in the General Assembly, and this court, by Kunkel, J., said: "The act authorizes a political party within a county to nominate its candidates for all offices electable in any political district within the county, as distinguished from the power conferred upon a political party within the State to nominate its candidates for an office to be voted for by the electors of the State at large. We can find nothing in the act to limit the right of such a party to nominate candidates only for county offices or for offices in the municipal divisions of the county, whose nomination petitions must be filed with the county commissioners. On the contrary, the words of the section are 'all political districts.' Section 14 of the act throws some light on their meaning, if any be needed. It directs the Secretary of the Commonwealth to give to the county commissioners of each county a written notice, designating all the offices for which candidates are to be nominated whose nomination petitions are required to be filed in his office, and to set forth in the notice the number of the officers of the Commonwealth to be elected at the next succeeding election by a vote of the electors of the State at large, and also the number of the officers of the Commonwealth to be elected by a vote of the electors of the county, or of any district therein, or of any district of which the county forms a part. Thus, the act recognizes a political district within a county to be one from which may come a nomination petition required to be filed in the office of the Secretary of the Commonwealth, and such a petition is a petition nominating a candidate for the legislature.

"The act also gives a party within a county the right to nominate candidates for office in a district of which the county forms a part, evidently referring to a congressional district or a senatorial district of two or more counties, in one of which a body of electors constitutes a political party therein. There would seem to be no good reason for granting to a party within a county the right to make a nomination for an office in a district extending beyond the territorial limits of the county and withholding the right as respects a representative or congressional or senatorial district which is wholly within the county, and this, in our view, has not been done.

"Of course, the right of such a party to nominate candidates is restricted to those candidates for office who are to be voted for only by the electors of the

1 D. & C.

county, or only by the electors of a political district therein. It has no power to make a nomination for an office to be voted for by the electors of the State at large."

We think this case disposes of the second objection.

After a careful consideration of the facts and the law, we are constrained to hold that it was the duty of the Secretary of the Commonwealth to receive the nomination petition for filing with him.

And now, Aug. 23, 1921, after hearing and upon due consideration, it is ordered, adjudged and decreed that a peremptory writ of mandamus in favor of the plaintiff and against the defendant be and the same is hereby awarded, commanding the Secretary of the Commonwealth to receive and file the nomination petition and to deal with it according to law for action by voters of the Charter Party at the approaching primary election.

From William Jenkins Wilcox, Harrisburg, Pa.